# UNITED STATES DISTRICT COURT
## Southern District of Florida

Case Number: _____

**RUTH SOTO,**
and other similarly-situated individuals,

    Plaintiff(s),

v.

**SNY, INC., a Florida Profit Corporation,**
and **ALEXANDRA PAPAGEORGIOU, individually,**

    Defendants.
_____/

## COMPLAINT

1. Plaintiff, RUTH SOTO, (hereinafter referred to as "Plaintiff"), was an employee of Defendants, SNY, INC., a Florida Profit Corporation, (collectively referred to as "Defendants"), and brings this action on behalf of herself and other current employees and former employees of Defendants similarly situated to her for overtime compensation and other relief under the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 216 (b). Plaintiff performed non-exempt duties for Defendants in Miami-Dade County, Florida.

2. Defendants, have at all times material hereto owned and/or operated a business within the jurisdiction of this Court, including doing business in Miami-Dade County.

**REMER & GEORGES-PIERRE, PLLC**

COURTHOUSE TOWER
44 West Flagler, Suite 2200
Miami, FL 33130
Telephone: (305)416-5000 Facsimile: (305)416-5005

3.      This action is brought to recover from Defendants overtime compensation, liquidated damages, and the costs and reasonable attorney's fees of this action under the provisions of the FLSA, 29 U.S.C. §216(b).

4.      Jurisdiction is conferred on this Court by 28 U.S.C. § 1337 and by 29 U.S.C. §216 (b).

5.      At all times material to this Complaint, Defendant entities have had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that had been moved in or produced for commerce.

6.      Based upon information and belief, the annual gross sales volume of Defendant SNY, Inc. was in excess of $500,000.00 per annum at all times material hereto.

7.      At all times pertinent to this Complaint, Defendant entities was/were an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. §203(s).

8.      At all times material hereto, ALEXANDRA PAPAGEORGIOU has owned, managed, and/or operated Defendant entities and regularly exercised the authority to hire and fire employees, determine the work schedules of employees, set the rate of pay for employees, and control the finances and operations of Defendant entities. By virtue of such control and authority, the individual Defendant is an employer of Plaintiff as such term is defined by the FLSA, 29 U.S.C. §203(d).

9.      The additional persons who may become Plaintiffs in this action are Defendants' non-exempt employees who have worked in excess of forty (40) hours during one or more work weeks on or after September 2012 and did not receive time and a half of their

regular rate of pay for all of the hours they worked over forty (40) in one or more work weeks.

10. Plaintiff regularly worked in excess of forty (40) hours per week in one or more weeks during his employment with Defendants.

11. Likewise, the other employees similarly situated to Plaintiff regularly worked in excess of forty (40) hours in one or more work weeks during their employment with Defendants.

12. However, Defendants did not pay time and one-half wages for all of the overtime hours worked by Plaintiff and the other employees similarly situated to him.

13. The records, if any, concerning the hours worked by Plaintiff, and compensation actually paid to Plaintiff and the other similarly situated employees to Plaintiff are in the possession and custody of Defendant.

## COUNT I

### RECOVERY OF OVERTIME COMPENSATION

14. Plaintiff readopts and re-alleges the allegations contained in Paragraphs 1 through 13 above.

15. Plaintiff is entitled to be paid time and one-half of her regular rate of pay for each hour worked in excess of forty (40) hours per work week. All similarly situated employees of Defendants are similarly owed their overtime rate for each overtime hour they worked and were not properly paid.

16. Defendants knowingly and willfully failed to pay Plaintiff and the other employees similarly situated to her at time and one half of their regular rate of pay for all hours worked in excess of forty (40) per week.

17. By reason of the said intentional, willful and unlawful acts of Defendants, all Plaintiffs (the named Plaintiff and those similarly situated to her) have suffered damages plus incurring costs and reasonable attorneys' fees.

18. As a result of Defendants' willful violations of the Act, all Plaintiffs (the named Plaintiff and those similarly situated to her) are entitled to liquidated damages.

19. Plaintiff has retained the undersigned counsel to represent her in this action, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action.

20. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff, and those similarly situated to her who have or will opt into this action, demands judgment, jointly and severally, against Defendants, individually, for the payment of all overtime hours at one and one-half their regular rate of pay due them for the hours worked by them for which they have not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all proper relief including prejudgment interest.

**REMER & GEORGES-PIERRE, PLLC**

COURTHOUSE TOWER
44 West Flagler, Suite 2200
Miami, FL 33130
Telephone: (305)416-5000 Facsimile: (305)416-5005

11/12/14

Respectfully submitted,

**REMER & GEORGES-PIERRE, PLLC**
COURTHOUSE TOWER
44 West Flagler Street, Suite 2200
Miami, Fl 33130
Tel. (305) 416-5000
Fax: (305) 416-5005
E-Mail: agp@rgpattorneys.com

By: _____
Anthony M. Georges-Pierre, Esq.
Florida Bar Number: 533637

## NOTICE OF CONSENT TO BE A PARTY PLAINTIFF AND/OR JOIN

I, _Ruth M. Soto_, hereby consent, in accordance with 29 U.S.C. §216(b) of the Fair Labor Standards Act, to become a party plaintiff in this action against my employer, _SNY-INC_, and to be represented by the attorneys of REMER & GEORGES-PIERRE, PLLC, Courthouse Tower, 44 West Flagler Street, Suite 2200, Miami, Florida 33130.

Sign Name: _Ruth M. Soto_     Date: _8/25/14_

Print Name: _Ruth M. Soto_